IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDUL JONES | : | CIVIL ACTION |
| v. | : | |
| MICHAEL NUTTER, et al. | : | NO. 14-3939 |

MEMORANDUM

SHAPIRO, J.                                                          AUGUST, 28, 2014

    Plaintiff Abdul Jones, a prisoner at the United States Penitentiary at Canaan, brings this pro se civil rights action, pursuant to 42 U.S.C. § 1983, against Mayor Michael Nutter and the Philadelphia Prison System. He seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I. FACTS

    Plaintiff alleges that he was "force[d] to reside in [an] over crowded cell with two, or more other inmates" from April of 2008 through March of 2009, when he was incarcerated at the Curran-Fromhold Correctional Facility. (Compl. ¶¶ II.C & II.D.) As a result of those conditions, plaintiff claims to have suffered emotional distress and trauma. He appears to be seeking damages in an unspecified amount.

II. STANDARD OF REVIEW

    Plaintiff is granted leave to proceed in forma pauperis because he has satisfied the criteria set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the

Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Additionally, the Court may dismiss the complaint based on an affirmative defense if the affirmative defense is obvious from the face of the complaint and no further development of the record is necessary. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); cf. Ball v. Famiglio, 726 F.3d 448, 459 (3d Cir. 2013). As plaintiff is proceeding pro se, the Court must construe his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Plaintiff's claims are barred by the statute of limitations. In § 1983 actions, federal courts apply the statute of limitations governing personal injury claims in the state where the cause of action arose. Wallace v. Kato, 549 U.S. 384, 387 (2007). In Pennsylvania, where plaintiff's claims arose, the relevant statute of limitations is two years. See 42 Pa. Cons. Stat. § 5524. The limitations period began running "when the plaintiff knew or should have known of the injury upon which [his] action is based." Sameric Corp. v. City of Phila., 142

F.3d 582, 599 (3d Cir. 1998). Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court. See Houston v. Lack, 487 U.S. 266, 276 (1988).

Here, plaintiff is seeking damages for alleged constitutional violations based on the fact that he was confined in an overcrowded cell between April of 2008 and March of 2009. During that time period, plaintiff must have been aware of the conditions in which he was confined. However, he did not file this action until June 16, 2014, the date on which he delivered his complaint to prison authorities for mailing, which is more than two years beyond the most recent acts giving rise to his claims. Accordingly, it is apparent from the face of the complaint that plaintiff's claims are time-barred. The Court will therefore dismiss plaintiff's claims.

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Here, amendment would be futile because plaintiff's claims are barred by the statute of limitations and there is no apparent basis for tolling. Accordingly, plaintiff will not be permitted to file an amended complaint.

**IV. CONCLUSION**

For the foregoing reasons, plaintiff's complaint is dismissed. An appropriate order follows.